# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0773 | **DATE** | 04/01/2013 |
| **CASE TITLE** | Grasso vs. Transportation Security Administration | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Dismiss for Lack of Jurisdiction [7] is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiffs Karla and Leonard Grasso, proceeding pro se, filed suit against the Transportation Security Administration ("TSA") in the Circuit Court of Cook County, Illinois, on January 8, 2013. They claimed that TSA personnel lost or mishandled their items, costing them $700 in damages. The United States removed the case to this court on January 31, 2013, pursuant to 28 U.S.C. § 1442, and moved to dismiss the case for lack of jurisdiction. The court agrees with the government that, under Seventh Circuit authority, it lacks jurisdiction over the Grasso's action and must dismiss their case.

When the United States is a defendant in a tort case, the plaintiff's only avenue of recovery is under the Federal Tort Claims Act ("FTCA"). The FTCA requires that administrative remedies be exhausted before a lawsuit is filed against a federal agency. 28 U.S.C. § 2675. In this case, Plaintiff Karla Grasso exhausted her administrative remedies by filing an administrative claim against the TSA, which was denied in July 2012.

The FTCA further requires that actions against a federal agency be brought in federal court. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 578 (2005) (stating that federal jurisdiction in FTCA actions is exclusive). Under § 1442(a)(1), a civil action brought in state court against a government agency may be removed by the government to a federal district court.

When a case is removed pursuant to § 1442, the district court's basis for jurisdiction is considered to be "derivative" of that of the state court. *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981). In other words, if the state court lacked jurisdiction over a defendant, the district court also lacks jurisdiction. *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 449 (1943).

Although this rather archaic doctrine has been roundly criticized and has been abrogated by Congress with respect to the general removal statute, 28 U.S.C. § 1441, the Seventh Circuit has stated that it still applies to removals by the government pursuant to § 1442. *Rodas v. Seidlin*, 656 F.3d 610, 618-19 (7th Cir. 2011) ("[T]he doctrine of derivative jurisdiction applies to [removals under § 1442(a)(1)]."). The Seventh Circuit has held that where a state court lacks jurisdiction over a federal defendant, the district court acquires no jurisdiction upon

**STATEMENT**

removal—even though it would have had jurisdiction had the suit originated in federal court. *Edwards v. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *see also Rodas*, 656 F.3d at 619.

Other courts in this district have applied the derivative jurisdiction rule to cases removed under 28 U.S.C. § 1442. *See, e.g.*, *Kelly v. Lugo*, No. 10 C 5892, 2010 WL 5313496, at *2 (N.D. Ill. Dec. 17, 2010) (dismissing without prejudice case filed in state court against a federal defendant). This court concludes that it must do the same, and the Grasso's complaint is dismissed without prejudice. The Grassos may file a new complaint in federal district court if they can satisfy the other requirements of the FTCA.